UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LANCE TRULUCK, JOHNNY UBILES and JIMMY
DURANTE, Individually, On Behalf of All Others
Similarly Situated and as Class Representatives,

                                       Plaintiffs,

                    -against-

WHOLE FOODS MARKET GROUP, INC.

                                     Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

10 Civ. 4371 (NRB) (RLE)

**PLAINTIFFS DEMAND A TRIAL BY JURY**

**ECF CASE**

Plaintiffs Lance Truluck, Johnny Ubiles and Jimmy Durante ("Plaintiffs") on behalf of themselves and all others similarly situated, by their attorneys, Lipman & Plesur, LLP, complain of Defendant Whole Foods Market Group, Inc. ("Whole Foods" or "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs complain on behalf of themselves, and other similarly situated current and former employees of Defendant who worked nationwide for Defendant as Team Leaders and Assistant Team Leaders and possibly other titles or in a similarly situated capacity (herein referred to collectively as "Team Leaders"), who may elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are (i) owed back wages from Defendant for overtime work for which they did not receive any overtime premium pay, and (ii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "FLSA").

2. Plaintiffs further complain on behalf of themselves, and a putative class of other similarly situated current and former employees of Defendant who worked in New York and

Connecticut as Team Leaders pursuant to Fed. R. Civ. Proc. 23, that they (i) are owed back wages from Defendant for overtime work for which they did not receive any overtime premium pay; and/or (ii) are owed back wages from Defendant for work for which they did not receive any straight pay under the New York State Miscellaneous Industries and Occupations Wage Order, N.Y. Comp. Codes R. & Regs. tit. 12, § 142, the New York Minimum Wage Act, New York Labor Law §§ 650 *et seq.*, and the New York Labor Law §§ 190 *et seq.* (hereinafter referred to as the "NYLL") and the Connecticut Labor Law, General Statutes §§ 31-68 et seq. ("CLL").

## JURISDICTION AND VENUE

3. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because a substantial part of the events or omissions giving rise to the claims occurred within, and Defendant maintains multiple stores within, the Southern District of New York.

## PARTIES

5. Plaintiffs and their similarly situated co-workers were employed by Defendant, at various Whole Foods locations nationwide, including New York and Connecticut, and held positions as Team Leaders.

6. At all times relevant, Plaintiffs were covered by the FLSA, the NYLL and the CLL.

7. Upon information and belief, Defendant Whole Foods is a foreign corporation that owns and operates grocery stores nationwide.

8. Upon information and belief, Defendant Whole Foods Market Group, Inc.'s corporate headquarters is located at 550 Bowie Street, Austin, Texas.

9. At all relevant times, Defendant affected commerce within the meaning of 29 U.S.C. § 203(b).

10. The named Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt into this action under the FLSA are those who are and/or were employed as Team Leaders for Defendant at any time after June 3, 2007.

11. Plaintiff Lance Truluck ("Plaintiff Truluck or Mr. Truluck") is an adult individual residing in Bronx County, New York. Mr. Truluck was employed by Defendant from in or about February 2004 to on or about May 7, 2010. Mr. Truluck worked as an hourly employee in the Whole Foods stores in Montclair, New Jersey, Greenwich, Connecticut and White Plains, New York, in the position of Assistant Team Leader and/or Team Leader.

12. Plaintiff Johnny Ubiles ("Plaintiff Ubiles or Mr. Ubiles") is an adult individual residing in Bronx County, New York. Plaintiff Ubiles was employed by Defendant from in or about 2001 to on or about January 30, 2010. Mr. Ubiles worked as an hourly employee in the Whole Foods store in White Plains, New York, in the position of Team Leader.

13. Plaintiff Jimmy Durante ("Plaintiff Durante or Mr. Durante") is an adult individual residing in Austin, Texas. Plaintiff Durante was employed by Defendants from in or about October 2004 to in or about October 2009. Mr. Durante worked as an hourly employee in the

3

Whole Foods stores in Greenwich, Connecticut and San Antonio, Texas in the position of Assistant Team Leader and/or Team Leader.

## CLASS ALLEGATIONS

14. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure.

15. Plaintiffs bring this class action on behalf of all persons employed by Defendant in New York and Connecticut as Team Leaders who: (a) were not paid overtime premium pay for all hours worked in excess of 40 per workweek; and/or (b) were not compensated for all hours worked, at any time during the maximum class period permitted by state law.

16. Defendant has willfully engaged in a pattern, practice and policy of unlawful conduct by failing to record, credit or compensate all work performed by its Team Leaders, who were paid on an hourly basis.

17. The employees in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are believed to be at least 40 members of the putative class in each of the two states where the class action is brought during the applicable class periods. There are questions of law and fact common to the class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class.

18. The representative parties will fairly and adequately protect the interests of the class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs

4

may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

19. There are questions of law and fact common to this class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendant failed and/or refused to compensate Team Leaders for all hours worked as required by the NYLL and CLL; and,

    (b) whether Defendant failed and/or refused to pay Team Leaders premium pay for hours worked in excess of 40 per workweek as required by the NYLL and CLL.

## FACTS

20. Plaintiffs and other Team Leaders were paid on an hourly basis.

21. Plaintiffs and other Team Leaders were not compensated for all hours worked.

22. Plaintiffs and other Team Leaders regularly worked in excess of 40 hours in the workweek. However, Plaintiffs and other Team Leaders were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

23. Plaintiffs and other Team Leaders regularly worked "off-the-clock" at various Whole Foods locations.

24. Plaintiffs and other Team Leaders generally did one or more of the following: (1) arrive at the store early to check and respond to work-related emails and paperwork before clocking in; (2) work during time designated as Personal Time Off (hereafter "PTO"); (3) work through uncompensated meal periods; (4) continue to work after clocking out; and, (5) work from home. These are just some examples of the ways Plaintiffs and their similarly situated co-workers

5

worked off-the-clock.

25. Upon information and belief, senior level managers were aware of and condoned or encouraged this "off-the-clock" work.

26. Defendant scheduled Plaintiffs and other Team Leaders to work shifts that begin and end at particular times. However, Plaintiffs and other Team Leaders work outside the parameters of their scheduled shift because, *inter alia*, management: (1) assigned Team Leaders more work than can be performed within their scheduled shift; (2) assigned Team Leaders specific duties that require Team Leaders to work before or after their scheduled shift; (3) pressured Team Leaders to complete work assignments outside their scheduled shift through various means, including citing the need to stay within labor budgets; and (4) did not provide staff to relieve Team Leaders.

27. Defendant was aware of and condoned Team Leaders continuing to work after clocking out and prior to clocking in.

28. Team Leaders were regularly encouraged by management to work through their unpaid meal periods.

29. Defendant's management has been given incentives by Defendant to keep store payroll within or below budgets. Therefore, stores are often understaffed and labor needs are met by off-the-clock work and failing to pay overtime premium pay.

30. Upon information and belief, Defendant's policy of not paying overtime premium pay to Plaintiffs and their similarly situated co-workers was a nationwide practice.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 30 of this Complaint.

32. Although Plaintiffs and their similarly situated co-workers worked over 40 hours in a workweek, they were not paid overtime premium pay for all the hours worked in excess of 40 hours in a workweek.

33. The failure of Defendant to properly compensate Plaintiffs and their similarly situated co-workers for overtime work as required by the Fair Labor Standards Act was willful.

34. Plaintiffs and their similarly situated co-workers employed by Defendant who elect to opt into this action are entitled to one and one-half of their regular rates of pay for all hours worked in excess of 40 hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C.§§ 201 *et seq.*

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 34 of this Complaint.

36. Defendant's failure to properly pay Team Leaders was willful.

37. Plaintiffs and the putative class members have not been paid straight time and overtime premium pay for all work hours under the NYLL and the CLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class respectfully request that this Court grant the following relief:

A. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules

7

of Civil Procedure;

  B. Declaring Defendant's conduct complained of herein to be in violation of the Plaintiffs and the class's rights as secured by the NYLL and the CLL;

  C. Directing Defendant to compensate the Plaintiffs, those who opt-into this case and class members for all hours worked;

  D. Directing Defendant to pay overtime premium pay to Plaintiffs, those who opt-into this case and class members;

  E. Directing Defendant to pay Plaintiffs and those who opt-into this case additional amounts as liquidated damages because of Defendants' willful failure to pay overtime pay pursuant to 29 U.S.C.§ 216;

  F. Awarding Plaintiffs and class members liquidated damages pursuant to state law:

  G. Awarding Plaintiffs, those who opt-into this case, and class members pre-judgment and post-judgment interest;

  H. Awarding Plaintiffs, those who opt-into this case and class members the costs of this action together with reasonable attorneys' fees; and,

  I. Granting such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: Jericho, New York
May 28, 2010

Respectfully submitted,

By: _____

Robert D. Lipman
lipman@lipmanplesur.com
Lizabeth Schalet
schalet@lipmanplesur.com
David A. Robins
robins@lipmanplesur.com
Lipman & Plesur, LLP
500 North Broadway, Suite 105
Jericho, NY 11753-2131
Telephone: (516) 931-0050
Facsimile: (516) 931-0030